UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KIM C. SQUALLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 4:12 CV 1338 RWS |
| | ) |
| PATRICK R. DONAHOE, | ) |
| *Postmaster General*, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

Plaintiff Kim Squalls filed this employment discrimination lawsuit against her employer the United States Postal Service. Because she is suing the Postal Service, the named Defendant is Postmaster General Patrick Donahoe,. The Postal Service has moved for summary judgment. I will grant the Postal Service's motion because Squalls has failed to establish a genuine issue of fact that creates a reasonable inference that she was the victim of employment discrimination.

*Background*

The following background information is taken from Defendant's uncontroverted statement of facts, the responses to that document, and other documents in the record.

Plaintiff Kim Squalls is an African American female who began working with the United States Postal Service in 1982 as a letter carrier. Squalls has held various positions with the Postal Service including Supervisor of Customer Service for four post office locations. In addition, she has been appointed as Acting Manager for various branches in the St. Louis area. She is currently employed as an Acting Manager for the Ahwatukee Station in Phoenix, Arizona. In her current detail as Acting Manager, Squalls is at an EAS-21 pay grade level. As an Acting Manager Squalls manages about 35 people in retail distribution and delivery operations. If Squalls was not in a detail assignment, she would be at an EAS-17 grade level.

Gina Dudley was a Manager of Customer Service Operations during the relevant time

period who had management responsibilities for several postal branches. One of Dudley's responsibilities was to appoint an Acting Manager for a branch that had lost a manager. Prior to March 2010, Dudley appointed Squalls as the Acting Manager for three different postal branches. An acting manager gets the experience and pay of a permanent manager.

In March of 2010, Squalls applied for an open position for the Manager for the Coyle Branch is St. Louis, Missouri. This position was a pay grade level EAS-20. Squalls and three other candidates were interviewed for the position by Gina Dudley who was the selecting official for the position.[1] The Postal Service utilizes a set of job requirements for each position known as KSAs which stands for knowledge, skills, and abilities. Applicants for job positions are rated based on the KSAs listed for a position on a scale of 0-3 for each KSA. The job posting for the manager of the Coyle Branch position listed nine KSAs which included the topics of postal policies and procedures, knowledge of collective bargaining unit, knowledge of postal operations, and the ability to communicate orally and in writing (communications). Dudley (and Robertson see fn. 1) prepared standard questions relating to the specific KSAs for the manager position.

Of the four candidates for the manager position, Squalls and Jeffery Hamilton had the highest KSA scores. Hamilton's overall score was an 18 and Squalls' was a 16. The two point difference was based on the communication KSA for which Squalls received a "1" and Hamilton received a "3." While Squalls had been employed with the Postal Service longer than Hamilton both qualified for the position. Squalls and Hamilton had both started as letter carriers, were

---

[1] Another manager, Dorothy Robertson, was hiring for another manager position for the North County Branch. Squalls and other candidates applied for both positions. As a result, the interview of Squalls and some other candidates were conducted jointly by Dudley and Robertson at the same time. In her deposition, Squalls states that only Robertson asked questions about the position at the North County and only Dudley asked her questions about the position at the Coyle Branch. Squalls was not selected by Robertson for the North County position. Squalls does not know who was hired for that position. Squalls did not file a claim against Robertson for employment discrimination. [Doc. # 40, Ex. A, Pl.'s Dep. at 277-283]

promoted as supervisors, and served as acting managers.[2]

Dudley selected Hamilton for the position. Hamilton is a white male who was 42 years old at the time. Squalls was 52 years old at the time. Dudley states that it was a difficult "decision and a close call." [Doc. # 40, Ex. C, Aff. Gina Dudley at 3] She decided that Hamilton was the best qualified because he scored higher on the communications KSA and she believed that requirement to be very important to the manager position. In addition, Dudley states that Squalls failed to respond to specific questions and tended to get off track during the interview. Dudley also felt that Hamilton was more confident in the interview and "seemed more willing to be a team player." [Id.] Dudley denies that race, age, or gender played any role when she chose someone other that Squalls for the position. [Id.]

Squalls alleges that Dudley's decision to select Hamilton over Squalls was based on race, gender, and age discrimination. She exhausted this claim with the EEO at the postal service and filed the present complaint asserting discrimination claims based on race, gender, and age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e, et seq. and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 - 634 respectively.[3] The Postal

---

[2] Squalls argues that she was more qualified because she had served as an Acting Manager on more occasions than Hamilton and that she accomplished more as an Acting Manager. In addition, Squalls argues that Hamilton was not qualified due to a defect in his application. She asserts that Hamilton did not address each KSA in his application and therefore his application should have been rejected according to postal policies outlined in a handbook. However, Squalls does not present any evidence regarding postal regulations in support of this argument. The handbook sections she refers to are EL-312, 743.42 and 743.431. [Id., Ex. J] Nothing in these sections supports Squalls' interpretation of the handbook that an application must address all of the KSAs. Those sections simply state that applicants must be evaluated based on the KSAs for a position. This was done during the interview process in this case.

[3] In her third amended complaint and in her response to Defendant's motion for summary judgment, Squalls refers to claims based on 42 U.S.C. § 1983 and other federal and state statutes. Squalls' third amended complaint, however, only asserts factual claims under Title VII and the ADEA. Moreover, Title VII and the ADEA are the exclusive remedies for claims of discrimination in federal employment. See Brown v. GSA, 245 U.S. 820 (1976) and Logan v.

Service has moved for summary judgment.

*Legal Standard*

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998)(citing Fed. R. Civ. P. 56(c)). The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. Id. at 324. In resisting a properly supported motion for summary judgment, the plaintiff has an affirmative burden to designate specific facts creating a triable controversy. Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

Direct evidence of employment discrimination is rare, therefore, most cases rely on circumstantial evidence. In the absence of direct evidence of discrimination, courts employ the burden shifting analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)(Title VII case).[4]

Under the burden-shifting analysis, the plaintiff must first establish a prima facie case of intentional discrimination. McDonnell Douglas, 411 U.S. at 802; Bashara v. Black Hills Corp.,

---

Chertoff, 2008 WL 922329 (E.D. Mo. 2008). As a result, Squalls' complaint is limited to her claims under Title VII and the ADEA.

[4] See Rothmeier v. Investment Advisers, Inc., 85 F.3d 1328, 1332 (8th Cir. 1996)(applying McDonnell Douglas to an ADEA claim)

26 F.3d 820, 823 (8th Cir. 1994). If the plaintiff establishes a prima facie case, a presumption of discrimination is established and the burden of production shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse employment action. 411 U.S. at 802. The defendant need not persuade the court that the articulated reason was the basis of the employer's action; rather, it must simply provide some evidence of a non-discriminatory reason or reasons for its action. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 509 (1993).

Upon the proffer of such evidence, the presumption of discrimination established by the prima facie case "simply drops out of the picture." Id. at 510-11. The burden then shifts back to the plaintiff to prove that the reason articulated by the employer was really a pretext for discrimination. Aucutt, 85 F.3d at 1316. A rejection of the employer's proffered non-discriminatory reason by itself or combined with elements of the prima facie case may be enough to establish, but does not compel, an inference of intentional discrimination. St. Mary's Honor Center, 509 U.S. at 511.

The burden of proving discrimination remains on the plaintiff at all times. Id. at 515-16. It is not enough to merely discredit defendant's articulated reason for the adverse employment action. A plaintiff must always establish that the real reason for defendant's action was impermissible discrimination. Id.; see also Huston v. McDonnell Douglas Corp., 63 F.3d 771, 777 (8th Cir. 1995). To avoid summary judgment, a plaintiff must present evidence that, when viewed in its entirety: (1) creates a fact issue as to whether the employer's proffered reason is pretextual, and (2) creates a reasonable inference that a discriminatory motive was a determinative factor in the adverse employment decision. Rothmeier v. Investment Advisers, Inc., 85 F.3d 1328, 1336-37 (8th Cir. 1996).

"Administrative remedies must be exhausted before a federal employee may bring an employment discrimination claim against a federal employer." McAlister v. Secretary of Dept. of Health and Human Services, 900 F.2d 157, 158 (8th Cir.1990)(citing Morgan v. United States

Postal Service, 798 F.2d 1162 (8th Cir.1986). Failure to exhaust such remedies is fatal to claims of federal employment discrimination. Id.

Prior to filing an employment action against a federal agency in a district court a complainant must comply with certain notice and exhaustion requirements. In order to exhaust his administrative remedies, a complainant must first pursue his allegations by contacting an EEO counselor within 45 days of the unlawful practice. 29 C.F.R. § 1614.105(a)(1). Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir.2005). If dissatisfied with the result obtained with the help of the counselor, the employee must file a formal complaint of discrimination with the federal agency. 29 C.F.R. § 1614.106. Once the agency has made a final determination of the complaint, an employee can file a civil action in federal court asserting a claim of employment discrimination. 42 U.S.C. § 2000e-16(c).

After exhausting his administrative remedies, a plaintiff obtains the right to file a civil action in federal court based upon the employment discrimination claim alleged in the EEOC charge, along with allegations that are "'like or reasonably related'" to that claim. Id. (quoting Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994)). However, a plaintiff is barred from asserting in a federal lawsuit claims which are not like or reasonably related to the claims that he raised in his EEOC complaint. "Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party with proper notice of the charge, as surely as would an initial failure to file a timely EEOC charge." Watson v. O'Neill, 365 F.3d 609, 614 (8th Cir. 2004).

Exhaustion of administrative remedies is not a jurisdictional requirement. Zipes v. TWA, Inc., 455 U.S. 385, 393(1982). It is a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling. The defendant has the burden of proving the affirmative defense of failure to exhaust administrative remedies. Ballard v. Rubin, 284 F.3d 957, 964 n.6

(8th Cir. 2002)(citation and quotations omitted).

*__Discussion__*

Squalls' claims of discrimination are based on race, gender, and age. Squalls does not offer any direct evidence of discrimination so her claims will be analyzed under the McDonnell Douglas framework.

To establish a prima facie case of discrimination in a failure-to-hire context requires a plaintiff to show that (1) she belongs to a protected class; (2) she applied and was qualified for a job for which the defendant was seeking applicants; (3) she was rejected; and (4) the defendant filled the position with a person who was not in the protected group. Schiltz v. Burlington Northern R.R., 115 F.3d 1407, 1412 (8th Cir. 1997). Hamilton, a white male, was hired instead of Squalls, an African American female. The is no dispute that Squalls was qualified for the manager position. As a result, she has made a prima facie case based on race and gender. The question is whether Squalls has provided enough evidence in support of her discrimination claims to avoid summary judgment. To avoid summary judgment, Squalls must present evidence that, when viewed in its entirety creates a fact issue as to whether the Postal Service's proffered reason is pretextual, and creates a reasonable inference that a discriminatory motive was a determinative factor in the decision not to promote Squalls.

The Postal Service has proffered a legitimate, non-discriminatory reason for its failure to promote Squalls. That is, Hamilton scored higher on the communications KSA than Squalls. Dudley stated the basis for the communications KSA score she gave Squalls. In addition, Dudley felt that Hamilton was more confident in the interview. As a result, the burden shifts back to the Squalls to prove that the reason articulated by the employer was really a pretext for discrimination. Aucutt, 85 F.3d at 1316. Squalls has failed to carry that burden. She does not

provide any evidence of discrimination apart from her own belief.[5]

Squalls attempts to support her discrimination claim by asserting that she had more experience as an Acting Manager and the she had better operations results in her work assignments. However, Hamilton also had substantial experience and it is undisputed that Hamilton rated higher in the KSA score which is a major component of the hiring decision. Moreover, Squalls' questioning of the soundness of Dudley's hiring decision is not enough to infer intentional discrimination. A federal court in a discrimination case does not sit as a "super-personnel department that reexamines an entity's business decisions." Harvey v. Anheuser-Busch, Inc., 38 F.3d 968, 973 (8th Cir. 1994). Whether Dudley's decision to hire Hamilton was a poor decision, or even arbitrary and irrational, does not by itself prove that impermissible discrimination was the real reason for the employment action. McLaughlin v. Esselte Pendaflex Corp., 50 F.3d 507, 511-12 (8th Cir. 1995).

---

[5] In her third amended complaint, Squalls alleges that she "applied for at least one hundred twenty-nine (129) different positions for which Squalls was qualified. On each occasion the Postal Service rejected her applications and hired younger, less qualified, white people to fill the positions." [Compl. at ¶ 25] Her complaint then states that the applications "are as follows" but only fifty-seven entries are listed, including the application in the present suit. Thirty of these applications were made after she applied for the position at issue in this case. Twenty-two of those were for positions out of the St. Louis region, eighteen of those are for positions in other states. Squalls did not file an EEO claim regarding any of these other applications. In her deposition, Squalls stated that the reason she did not receive any of these positions was discrimination. She stated that she did not have specific information about the individuals who were hired and did not know who was hired for the vast majority of these positions. But her position was if she was not hired it was because of discrimination. When asked at her deposition the basis of her allegation that all of these hiring decisions were based on discrimination she stated, "Well, if someone white was selected, then I would say it's based on race. If a man was selected, gender, younger, age." [Doc. # 40, Ex. A at 53] Aside from her speculation. Squalls did not offer any evidence that these decisions were made on a discriminatory basis. Moreover, there is no allegation or evidence that the decision-maker in the present case, Gina Dudley, was involved in any of these other hiring decisions. Claims of a failure to hire or promote are discrete and complete acts at the time a plaintiff was not promoted. National R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002). Such discretionary employment decisions do not constitute a continuous violation of Title VII. Burkett v. Glickman, 327 F.3d 658, 660 (8th Cir. 2003).

In an additional attempt to support her race claim, Squalls claimed that to her knowledge Dudley has never promoted an African American, ever. [Doc. # 44 at 28] Squalls admitted that she does not have proof of who Dudley did or did not hire but is relying on her memory. [Id.] It is undisputed, however, that Dudley did promote Squalls and other African Americans multiple times as Acting Managers. As a result, Squalls' belief that Dudley has not hired or promoted African Americans is unsupported by the record.

Squalls' evidence of discrimination boils down to her belief that any time she did not get a job she applied for it was automatically based on race, sex, or age discrimination. [Doc. # 40, Ex. A at 53] Such an unsupported opinion is insufficient to create a fact issue as to whether the Postal Service's proffered reason is pretextual, and to create a reasonable inference that a discriminatory motive was a determinative factor in the decision not to promote Squalls. As result, I will grant the Postal Service summary judgment on Squalls' Tilte VII claims of race and gender discrimination.

Squalls' age discrimination claim suffers from the same lack of evidence as her race and gender claims. "The ADEA protects individuals aged 40 and over by prohibiting employers from discharging or otherwise discriminating against such individuals with respect to their compensation, terms, conditions, or privileges of employment on the basis of their age. 29 U.S.C. § 623(a). In order to prove her claim, [a plaintiff] must show, by a preponderance of the evidence, that age was the "but-for" cause of the challenged adverse employment action." Haigh v. Gelita USA, Inc., 632 F.3d 464, 468 (8th Cir. 2011). To establish a prima facie case of age discrimination under the ADEA Squalls must show:(1) she belonged to the protected class; (2) she was qualified for the positions for which she applied; (3) she was not hired for the position applied for despite her being sufficiently qualified; and, (4) the employer finally filled the position with a person sufficiently younger to permit an inference of age discrimination. Schiltz v. Burlington Northern R.R., 115 F.3d 1407, 1412 (8th Cir. 1997).

The question of whether Squalls can establish a prima facie case is open to debate. At the time Dudley made the decision to hire Hamilton both Squalls and Hamilton were in the age group protected by the ADEA. Squalls was 52 years old and Hamilton was 42 years old. Squalls asserts that the only basis of her age discrimination claim is that Hamilton was ten years younger than she was and he got the job. [Doc. # 40, Ex. A at 232-233] Even though both Hamilton and Dudley are in the protected age group, age can still establish a prima facie case if the age difference was significant. See Schiltz, 115 F.3d at 1413 (Prima facie case not established where the age disparity between the plaintiff and person hired for the job was five years.) See also Wittenburg v. American Exp. Financial Advisors, Inc., 464 F.3d 831, 840 (8th Cir. 2006) (age disparity of six years not significant). An age disparity of nineteen years has been found to be significant. Rinehart v. City of Independence, Mo., 35 F.3d 1263, 1266 (8th Cir. 1994).

In the present case, there is a ten year age disparity. Even if that qualified to establish a prima facie case of age discrimination, Squalls has failed to present evidence that, when viewed in its entirety creates a fact issue as to whether the Postal Service's proffered reason is pretextual, and creates a reasonable inference that a discriminatory motive was a but for cause in the decision not to promote Squalls. The Postal Service has proffered a legitimate, non-discriminatory reason for its failure to promote Squalls. Squalls only evidence to rebut the Postal Service's position and to establish the but for cause of age discrimination is her opinion that she did not get the job because she was older than Hamilton. Because Squalls has failed to present sufficient evidence which would support her claim of age discrimination, I will grant summary judgment to the Postal Service on this claim.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant Patrick Donahoe's motion for summary judgment [#39] is **GRANTED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 19th day of May, 2014.